UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

**WILLIE JAMES SMITH,**

    **Petitioner,**

v.

**DANIEL SPROUL and PROBATION AND PAROLE BOARD,**

    **Respondent.**

Case No. 3:21-cv-00005-SPM

## MEMORANDUM AND ORDER

**McGlynn, District Judge:**

Petitioner Willie James Smith ("Smith"), proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, asking that the Court dismiss certain warrants levied against him by the State of Florida (Doc. 1). Additionally, Smith seeks transfer to a residential reentry center, also known as a halfway house (*Id.*). Smith brought this case against the Probation and Parole Board; however, because he is incarcerated at Marion – USP, Daniel Sproul, the Warden, was added pursuant to 28 U.S.C. § 2241 (Doc. 9).

### FACTUAL AND PROCEDURAL BACKGROUND

Smith was arrested by authorities in Lowndes County, Georgia on December 8, 2016 and was charged in Lowndes County Superior Court with the state offense of Forgery—3rd Degree, in case number 17CR286 (Doc. 12-1). At the time of this arrest, Smith was also subject to multiple terms of state probation in Lowndes County,

Georgia case number 2014CR390, and in the 2nd Circuit Court in Jefferson County, Florida, case numbers 14CR16 and 14CR19 (*Id.*). Probation revocation proceedings were initiated in both jurisdictions based upon Smith's conduct leading to the charges in 17CR286 (*Id.*). The Georgia case, 2014CR290, was set to terminate on May 5, 2020, and the Florida cases terminated on April 12, 2017 (*Id.*).

Additional charges were added by the Lowndes County state court following the December 8, 2016 arrest (*Id.*). The additional charges were as follows: Theft by Receiving Stolen Property, case number 2017SC01682, Forgery—4th Degree, case number 2017SC01683, and Obstruction of Officer, case number 2017SC03532 (*Id.*). All of the previously mentioned charges are related to the December 8, 2016 arrest, as well as Smith's federal indictment (*Id.*).

On February 4, 2017 the Lowndes County state court charged Smith on February 4, 2017 with the state offense of Theft by Deception, case number 2017SC02153, and Theft by Receiving Stolen Property, case number 2017SC02154 (*Id.*). On May 1, 2017 Smith was then transferred from Lowndes County authorities to the custody of federal authorities, pursuant to a federal writ for prosecution issued by the United States District Court for the Middle District of Georgia (*Id*).

On January 31, 2018, Smith was sentenced in the Middle District of Georgia to a 60-month term of imprisonment for Conspiracy to Steal Mail and Possess Stolen Mail, case number 7:17-CR-00011-HL-TQL(4) (*Id.*). The following day, February 1, 2018, Smith was returned to state custody for proceedings in case number 17CR286 (*Id.*). Then, on February 2, 2018, the Superior Court for Lowndes County Georgia

entered a *nolle prosequi* order and Smith was returned to the custody of the United States Marshals Service (*Id.*). On February 6, 2018, Smith was returned to state custody and the federal judgment was lodged as a detainer for service of the 60-month term (*Id*).

On December 3, 2018 Lowndes County Superior Court sentenced Smith to a 30-month term of confinement in the Lowndes County Jail with credit for time served, and terminated the remaining probation in case numbers 17SC02153, 17SC01682, and 17SC03532. On December 7, 2018 Smith was released to the exclusive custody of federal authorities.

In his petition, Smith appears to challenge the BOP's determination of whether to house him in an RRC (Doc. 1). Smith has two pending warrants in Jefferson County, Florida in cases 14CR16 and 14CR19 and claims that the BOP has denied his release to an RRC due to said warrants and detainers (Id.) However, Smith has not submitted any administrative remedy requests regarding his desire to be placed in an RRC (Doc. 12).

## LEGAL STANDARD AND ANALYSIS

### I. Petitioner Failed to Exhaust Available Administrative Remedies

The Seventh Circuit has established that a prerequisite to federal habeas relief pursuant to § 2241 is the exhaustion of administrative remedies. See *Clemente v. Allen,* 120 F. 3d 703, 705 (7th Cir. 1997). The exhaustion requirement "protect[s] the authority of administrative agencies, limit[s] interference in agency affairs, develop[s] the factual record to make the judicial review more efficient, and resolv[es]

issues to render judicial review unnecessary." *Gonzalez v. O'Connell,* 355 F.3d 1010, 1015 (7th Cir. 2004). Failure to exhaust administrative remedies results in procedural default, which bars judicial review unless the petitioner persuades the court that the failure to exhaust should be excused. *See Clemente,* 120 F.3d at 705. Such is not the case here.

## II. The BOP's Consideration of Petitioner's RRC Placement Request

The BOP has discretionary authority in directing the place of imprisonment as well as the transfer of federal prisoners to RRCs. 18 U.S.C. § 3621(b); *see Stokes v. Cross* 2014 WL 503934 (S.D. Ill., Feb. 7, 2014) ("Congress's use of the language 'may designate' in [18 U.S.C. § 3621(b) ] seemingly endows the BOP with 'broad discretion"). When determining the place of imprisonment or transfers, the BOP must consider:

(1) the resources of the facility contemplated;

(2) the nature and circumstances of the offense;

(3) the history and characteristics of the prisoner;

(4) any statement of the court that imposed the sentence—(a) concerning the purposes for which the sentence to imprisonment was determined to be warranted or (b) recommending a type of penal or correctional facility as appropriate; and,

(5) any pertinent policy statement issued by the U.S. Sentencing Commission pursuant to § 994(a)(2) of Title 28. 18 U.S.C. § 3624(c)(6); 18 U.S.C. § 3621(b).

The BOP may place a prisoner where it wishes, so long as it considers the factors enumerated in § 3621." *Stokes,* 2014 WL 503934. "Furthermore, the BOP retains discretion under the Second Chance Act to decide whether and when an inmate should be placed at an RRC, provided such pre-release confinement is practicable and the BOP considers the statutory factors." *Stokes,* 2014 WL 503934. Therefore, for a court to order the BOP to reconsider its placement recommendation, the court must find that the BOP has abused its discretion by failing to consider statutory factors. *See Fazell v. Sherrod,* 2010 WL 5174355 (S.D. Ill., Dec. 16, 2010) "[O]nce the court has determined that the BOP did not exceed its authority in reaching its decision, it is beyond the purview of the court to second guess the outcome." (Id.) The Court finds that the BOP was within its authority and did not abuse its enumerated powers by not placing the Petitioner in an RRC due to him having outstanding warrants in the State of Florida.

As Smith's request to be transferred to a halfway house, it too cannot be remedied through a habeas petition. The remedy of habeas corpus is appropriate when a prisoner is attacking the "fact or length of their confinement." *Preiser v. Rodriquez*, 411 U.S. 475, 490 (1973). *See also Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994) "[H]abeas corpus is available to challenge the duration as well as the fact of custody." (Id.). If an inmate "does not challeng[e] the fact of his confinement, but instead the conditions under which he is being held," the individual must file a civil rights suit. *Glaus v. Anderson*, F.3d 382, 384 (7th Cir. 2005) (citing *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991)). Changes in confinement from one prison

to another cannot be attacked through the usage of § 2241. Since Smith does not challenge the fact or duration of his confinement, but rather, challenges the location of where he is held, a habeas petition under § 2241 is not the proper vehicle for Smith to seek relief.

Finally, Smith also asks the Court to order the State of Florida to dismiss the cases and warrants against him; however, he should be able seeking assistance from the Florida Probations Parole Board. This Court lacks jurisdiction over Florida state matters. Furthermore, such a request is frivolous, and this Court denies that request without additional analysis.

## CONCLUSION

For the foregoing reasons, Smith's petition for this matter is **DISMISSED** with prejudice. The clerk is **DIRECTED** to close this case and enter judgment accordingly.

It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his § 2441 Petition. *Walker v. O'Brien,* 216 F.3d 626 (7th Cir. 2000). If Petitioner wishes to appeal, he may file a Notice of Appeal with this Court within 60 days of the entry of judgment. Fed. R. Civ. P. 4(a)(1)(A). A proper and timely motion filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure may toll the 60-day appeal deadline. A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

A motion for leave to appeal *in forma pauperis*("IFP") must identify the issues Petitioner plans to present on appeal. *See* Fed. R. Civ. P. 24(a)(1)(C). If Petitioner

chooses to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust account records for the past six (6) months) irrespective of the outcome of the appeal. *See* Fed. R. Civ. P. 3(e); 28 U.S.C. §1915(e)(2); *Ammons v. Gerlinger,* 547 F.3d 724 (7th Cir. 2008); *Sloan v. Lesza,* 181 F.3d 857 (7th Cir. 1999); *Lucien v, Jockisch*, 133 F.3d 464 (7th Cir. 1998).

**IT IS SO ORDERED.**

**DATED:** **August 2, 2021.**

*s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District JUDGE**